UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIPPER BULK SHIPPING LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:11cv1328 |
| | § | |
| | § | ADMIRALTY |
| | § | |
| SUN COAST RESOURCES, INC., | § | |
| | § | |
| Defendant. | § | |

AMENDED VERIFIED COMPLAINT

TO THE UNITED STATES DISTRICT JUDGES FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

Comes Now, Plaintiff, Clipper Bulk Shipping Ltd. ("the Plaintiff"), and files its Verified Complaint against the Defendant, Sun Coast Resources, Inc. ("the Defendant"), and alleges, on information and belief, as follows:

Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and this Court. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

The Parties

2. At all material times, the Plaintiff was and now is a foreign corporation and existing under and by virtue of the laws of a foreign country.

3. The Defendant was and now is a Texas corporation domiciled and authorized to do business in Houston, Texas where it has its registered office as required by the laws of the State of Texas.

Facts

4. On or about August 27, 2010, the Plaintiff chartered the vessel M.V. CHIOS VOYAGER ("Vessel") from its head owners, Chios Voyager Special Maritime Enterprise of Greece.

5. On or about September 2, 2010, the Plaintiff, as charterers, ordered bunkers for the Vessel from the Defendant to be delivered at Beaumont, Texas.

6. The Bunker Receipt, dated September 2, 2010, reflects that the Defendant was supplying gasoil with a Flash Point of 150°F (65.6° C). In total, the Plaintiff was to be provided with about 30.256 gallons of bunker fuel for a total price of $67,817.96 to be paid within thirty (30) days.

7. Within a few days after delivery, the Plaintiff learned that the bunkers were off-specification and unusable. Specifically, the bunkers were to be at the customary minimum flash point of 60°C.

8. On or about September 13, 2010, with a representative of each party present, a flash point analysis was undertaken and it was found that the sample was 58°C rather than the 60°C minimum required by classification societies and many government authorities.

9. The Plaintiff informed the Defendant that the off-spec bunkers would need to be immediately off-loaded as, *inter alia*, the Vessel had to be redelivered to the head owners.

10. The Defendant attempted to collect on the invoice and refused the Plaintiff to take the bunkers back.

11. On or about September 14, 2010, with time being of the essence, the Plaintiff resold the off-spec bunkers to a third party and loaded an equivalent amount of on-spec bunkers at Pointe A Pierre, Trinidad.

12. Because of the low flash point, which meant they needed to be reprocessed to be within specification, the bunkers could be sold only for $17,940.00.

13. On November 16, 2010, the Defendant filed a Maritime Lien against the Vessel.

12. On or about December 2, 2010, the Defendant's counsel wrote to the Plaintiff's counsel inquiring about the unpaid invoice, claiming that the Plaintiff failed to mitigate its damages and that the Defendant would arrest the vessel.

13. The Plaintiff's attempts at amicably resolving this matter have been unsuccessful, despite the fact that the Plaintiff credited the $17,940.00 it received for the off-spec bunkers against the amount of its damages, which, subtracting that amount, are about $75,000.

## Causes of Action

### *Count I:*
### *Breach of Contract (Texas Business and Commerce Code. §2.607)*

14. The Plaintiff repeats the allegations set forth in paragraphs 1-13.

15. The parties entered into a valid contract which specified that the bunkers the Defendant supplied to the Plaintiff would have a minimum flash point of 60°C.

16. In breach of that contract, the Defendant provided bunkers with a flash point below 60°C.

17. The Plaintiff timely notified the Defendant of the breach of contract and offered that the goods be taken back. The Defendant refused.

18. As a result of the Defendant's breach, the Plaintiff suffered monetary damages.

WHEREFORE, the Defendant is liable for damages.

*Count II*
*Revocation of Acceptance (Texas Business and Commerce Code §2.608)*

19. The Plaintiff repeats the statements contained in paragraphs 1-13.

20. The Plaintiff accepted the bunkers without discovery of their non-conformity.

21. The Plaintiff revoked acceptance and so notified the Defendant within a reasonable period of time after it discovered the grounds for it and before any substantial change in the bunkers' condition.

22. Therefore, the Defendant is liable for damages.

*Count III*
*Breach of Warranty (Texas Business and Commerce Code §2.714)*

23. The Plaintiff repeats the statements contained in paragraphs 1-13.

24. The Defendant warrantied that the bunkers would possess an accepted flash point.

25. The Defendant breached this warranty by supplying the bunkers that did not meet the accepted flash point.

26. As a result, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant for:

a. All expenses reasonably incurred in the bunkers' inspection, receipt, transportation, care and custody, pursuant to Texas Business and Commerce Code §2.711;

b. Incidental damages resulting from the Defendant's breach, including expenses reasonably incurred in the inspection, receipt, transport, care and custody of the rightfully-rejected bunkers, commercially reasonably charges, expenses or commissions in connection with effecting cover, and all other reasonable expenses incident to breach, pursuant to Texas Business and Commerce Code §2.715(1);

c. Consequential damages including loss resulting from general or particular requirements and needs of which the Defendant at the time of contracting had reason to know and which could not reasonably be prevented, pursuant to Texas Business and Commerce Code §2.715(2);

d. "Cover," pursuant to Texas Business and Commerce Code §2.712(a); the difference between the cost of cover and the contract price together with any incidental or consequential damages, less expenses saved, pursuant to Texas Business and Commerce Code §2.712(b);

e. The difference at the time and place of acceptance between the value of the goods as accepted and the value they would have had if they had been as warranted, pursuant to Texas Business and Commerce Code §2.714(b); and

f. All other and further relief as this Court deems just and proper.

Respectfully submitted,

Rahul Wanchoo

Rahul Wanchoo
Attorney-in-charge*
New York Bar No. 277437
S.D. N. Y. Bar No. 8725
Wanchoo Law Offices, LLP
24 Old Chimney Road
Upper Saddle River, New Jersey 07458
Telephone: 201 783 8560
Telefax: 646 355 0244

And

William H. Seele
Local Counsel
Texas Bar No. 17979700
S.D Texas No. 3347
Julian & Seele, P.C.
11767 Katy Freeway, Suite 350
Houston, Texas 77079-1735
Telephone: 281 293 9275
Telefax: 281 293 0146

Attorneys for Plaintiff
Clipper Bulk Shipping Ltd

*motion for admission pro hac vice pending

**VERIFICATION**

STATE OF NEW JERSEY)
ss.
COUNTY OF BERGEN )

I, Rahul Wanchoo, being duly sworn, deposes and says:

1. I am an attorney at law and a member of the firm of Wanchoo Law Offices, LLP, attorneys for Plaintiff.
2. I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.
3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification is made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Rahul Wanchoo

Sworn to and subscribed to
before me this 6th day of April, 2011.

Notary Public

HICKSON P. KORE
ID # 2377209
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/26/2013